Judge Haywood
(V/iijjams absent) — I am of opinion for.the University as to all the points agitated at the bar, and for the' reasons stated in the argument of the Plaintiff’s counsel. As to the grant of 1780, there have been many decisions that such grants shall be good until avoided,in a Court of Equity. I am of opinion for my own part, that the grant is absolutely void ab-initio, and that its invalidity may he shown upon a trial in ejectment. It was issued by the Officers of the State, without. any authority for so doing ; and is no more binding upon the State than if issued by any other person or persons not called Governor and Secretary — but let this point undergo further consideration and a decision that may settle the law — Í will not, oppose my opinion to that of adjudged cases.
The Jury found for the University, subject to the opinion of the court upon the question, whether the grant of 1780, under the circumstances above stated, was a valid deed or not.
Note. — Upon the trial of this cause, it was objected that the action was licit maintainable by the University, for two reasons ; First, because the Plaintiff in the Ejectment must have the right of possession or right of entry, which is tlie same thing, and he who claims by es-cheat has not tile jusintrantli. The keeping of possession by the Defendant, is a deforcement, 3 Bl. Com. 173, and is not to be overturned *432 by the mere entry of another, but only by the? demandant’s shewing a better right in a course of law. 3 Bl. Com. 179, and in snch case he shall have a writ of escheat. 3 Bl. Com. 179 2d, the University being a corporation, can make no lease to try the title, but under their corporate seal, by deed duly executed,,; and here, there is no such lease.
IlArwoon J. (Wmiists absent) — The same objections were made a few terms ago at Mewbern, in a cause tried there. The objections as I understood, were made by Mr. Wood, and the court doubted, and took time till the next term, and.then overruled them ; and I concur with them in tile propriety of doing so. The lord by escheat, recording to circumstances, might sometimes enter, and sometimes was compelled to bring his writ of escheat : he was not always driven to a writ of escheat, as may bo seen in 2 Bl Com 245. When the possession was vacant, he might enter ; but when the deceased had leased ' for life or otherwise, or conveyid in fee tail, and the reversion only escheated, then lie could not enter, fur the right of possession was in another, hut must bring his writ of escheat. This observation reconciles all the books, and seems to me to be the tiue doctrine , and then there is no giound for the objection, as this case is circumstanced.— Vide 3 Burr. 1301, 1303. As to the second objection, the general rule of law is, that every lease by a corporation, must be under seal, and must be set forth to bo so ; but then when a corporation hrings an Kjectment in its corporate capacity, and its lessee sets (ortii a demise, an ouster, &c. we will M-eaume that lease to have been legally made, and no proof of it is necessary any more than in common cases ; and that presumption extends to its being done by deed under seal, anti therefore good — so that that objection fails also. Vide 1 Ray. 136, Partridge v. Ball. Carth. 390. Esp. Term Rep. 199, Farley, on the demise of the Mayor &c. of Canterbury v. Wood.
Note. — Upon the point of the grant sue Beynoldsv. Plum, and the note thereto, ante 106. The cases oiled to show that it is unnecessary for a coporation to make a deed under the seal of the corporation to try title in the action of ejectment, are supported by the modern practice. Adams on Ejectment, 194.